CAMERON INTERNATIONAL TRADING COMPANY, INC. and Learning Extreme Optimist Industries Limited, Plaintiffs,

v.

HAWK IMPORTERS, INC., Shyam Baheti, and Ram Baheti, Defendants,

v.

Joseph Curtis Edmondson and Scott D. Frendel, Sanctioned Parties–Appellants.

No. 2011–1305.

United States Court of Appeals, Federal Circuit.

Aug. 9, 2011.

John J. Lynch, Pryor Cashman LLP, New York, NY, for Plaintiffs.

J. Curtis Edmondson, Law Offices of J. Curtis Edmondson, Beaverton, OR, Scott D. Frendel, Braunfotel & Frendel, LLC, New City, NY, for Defendants.

Before RADER, Chief Judge, LOURIE and O'MALLEY, Circuit Judges.

### ORDER

PER CURIAM.

Joseph Curtis Edmondson and Scott D. Frendell ("Sanctioned Counsel") appeal a January 18, 2011, 2011 WL 167596, order of the United States District Court for the Eastern District of New York finding them (i) in violation of Rule 11(b) of the Federal Rules of Civil Procedure and (ii) jointly and severally liable in the amount of $4,900.

Sanctioned Counsel represented Hawk Importers, Inc., Shyam Baheti, and Ram Baheti (collectively "Hawk") before the district court in an action against Cameron International Trading Company, Inc. and Learning Extreme Optimist Industries Limited (collectively "Cameron") for copyright infringement, trade dress infringement, false designation of origin, unfair competition, and false and deceptive business practices in violation of the law of the United States and New York. The parties reached an agreement, and the district court entered the Stipulation of Settlement and Order. Cameron later filed an Application to Reopen Case to Enforce Stipulation of Settlement and Order, and in response, Hawk filed a Motion to Dismiss. The district court denied Hawk's Motion and ordered Hawk to show cause why they should not be sanctioned under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and/or otherwise held in contempt for advancing frivolous arguments in the Motion. A magistrate judge held the show cause hearing and rendered a Report and Recommendation, which was modified and adopted by the district court.

Hawk contends that this appeal is within this court's jurisdiction to review interlocutory orders from a district court when said orders are "collateral" and contends that the issues in this appeal are "intertwined in the pending appeal, Case # 2011–1116, so that it is judicially prudent to exercise jurisdiction." App. Br. 3. Case Number 2011–1116 ("2011–1116 Action"). In the 2011–1116 Action, Hawk asserted that this court had jurisdiction over the appeal because it was from a final decision of a district court that was based on 28 U.S.C. § 1338. This court does not have jurisdiction over appeals when a district court's jurisdiction arose under Section 1338 if the claims are only related to copyrights and trademarks. See 28 U.S.C. § 1295(a)(1). Even though design patents were mentioned in the Declarations filed with the Cameron's Application to Reopen Case to Enforce Stipulation of Settlement and Order, patent claims were not pleaded in the complaint or addressed by the Stipulation of Settlement and Order and cannot be used as grounds to exercise jurisdiction in this appeal. Since this court lacks jurisdiction in the 2011–1116 Action, we also lack jurisdiction in the present "collateral" action. As such, this court lacks jurisdiction and must transfer this appeal.

Accordingly,

IT IS ORDERED THAT:

The appeal is transferred to the United States Court of Appeals for the Second Circuit 28 U.S.C. § 1631.